IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| JOSE MEDRANO RIVERA<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>     Plaintiff,<br><br>v.<br><br>BOB'S SHANGHAI 66 BISTRO, INC.<br>d/b/a BOB'S SHANGHAI<br>305 N Washington Street<br>Rockville, MD 20850<br>(Montgomery County)<br><br>BOB S. LIU<br>9704 Sunset Drive<br>Rockville, MD 20850<br>(Montgomery County)<br><br>AMIE LIU<br>9704 Sunset Drive<br>Rockville, MD 20850<br>(Montgomery County)<br><br>     Defendants. | Civil Action No. _____ |

**COMPLAINT**

1. While Plaintiff worked for Defendants' Asian restaurant, Defendants paid Plaintiff a semimonthly salary that denied him minimum and overtime wages.

2. Plaintiff brings this action against Bob's Shanghai 66 Bistro, Inc., Bob S. Liu, and Amie Liu ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and

the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Jose Medrano Rivera is an adult resident of Maryland.

6. Defendant Bob's Shanghai 66 Bistro, Inc. is a Maryland corporation. It does business as Bob's Shanghai. Its principal place of business is located at 305 N Washington Street, Rockville, MD 20850. Its resident agent for service of process is Bob S. Liu, 9704 Sunset Drive, Rockville, MD 20850.

7. Defendant Bob S. Liu is an adult resident of Maryland. He resides at 9704 Sunset Drive, Rockville, MD 20850. He is an owner and officer of Defendant Bob's Shanghai 66 Bistro, Inc. With Defendant Amie Liu, he exercises exclusive control over the operations of Bob's Shanghai 66 Bistro, Inc. — including its pay practices.

8. Defendant Amie Liu is an adult resident of Maryland. She resides at 9704 Sunset Drive, Rockville, MD 20850. She is an owner and officer of Defendant Bob's Shanghai 66 Bistro, Inc. With Defendant Bob S. Liu, she exercises exclusive control over the operations of Bob's Shanghai 66 Bistro, Inc. — including its pay practices.

**Factual Allegations**

9. Defendants own and operate the restaurant Bob's Shanghai, located at 305 N Washington Street, Rockville, MD 20850.

10. Plaintiff worked at Bob's Shanghai from approximately October 26, 2020 through approximately May 1, 2022.

11. Plaintiff worked at Bob's Shanghai as a kitchen laborer.

12. Plaintiff's job duties at Bob's Shanghai primarily consisted of chopping vegetables; preparing wheat wrapping paper from scratch; preparing, filling, and wrapping dumplings and shumai; and cleaning the kitchen and restaurant.

13. Plaintiff typically and customarily worked sixty-six hours per week.

14. Plaintiff typically and customarily worked six days per week, Tuesday through Sunday.

15. Plaintiff typically and customarily started his workdays at 9:30 a.m.

16. On Tuesday, Wednesday, Thursday, and Sunday, Plaintiff typically and customarily ended his workdays at 8:00 p.m.

17. On Fridays and Saturdays, Plaintiff typically and customarily ended his workdays at 9:00 p.m.

18. At all relevant times, Defendants paid Plaintiff a semimonthly salary.

19. Defendants paid Plaintiff approximately the following semimonthly salaries:

| Approximate Dates | Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Oct. 26, 2020–Mar. 31, 2021 | $1,100.00 | $7.69 |
| Apr. 01, 2021–Sep. 30, 2021 | $1,150.00 | $8.04 |
| Oct. 01, 2021–May 01, 2022 | $1,250.00 | $8.74 |

20. From approximately October 26, 2020 through approximately December 31, 2020, Defendants paid Plaintiff in cash.

21. From approximately January 1, 2021 through approximately May 1, 2022, Defendants paid Plaintiff partly in cash and partly by check.

22. At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

23. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked within a workweek.

24. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

25. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable Montgomery County minimum wage.

26. At all relevant times, more than 15 individuals worked for Bob's Shanghai 66 Bistro, Inc.

27. Maryland required Defendants to pay non-exempt employees at least $11.00 from January 1, 2020 through December 31, 2020, $11.75 from January 1, 2021 through December 31, 2021, $12.50 from January 1, 2022 through the present. *See* Md. Code, Lab. & Empl. Art. § 3-413.

28. Montgomery County required Defendants to pay non-exempt employees at least $13.25 per hour from July 1, 2020 through June 30, 2021, and $14.00 per hour July 1, 2021 through the present. *See* Montgomery County Code, § 27-68.

29. Defendants owe Plaintiff approximately $42,449.98 in minimum and overtime wages (excluding liquidated damages).

30. Defendant Bob S. Liu participated in the decision to set the restaurant's hours of operations.

31. Defendant Bob S. Liu participated in the decision to hire and fire employees on behalf of Bob's Shanghai 66 Bistro, Inc.

32. Defendant Bob S. Liu participated in the decision to hire Plaintiff.

33. Defendant Bob S. Liu participated in the decision to set Plaintiff's rate and manner of pay.

34. Defendant Bob S. Liu participated in supervising Plaintiff's work.

35. Defendant Bob S. Liu had the authority to sign checks on behalf of Bob's Shanghai 66 Bistro, Inc.

36. Defendant Bob S. Liu has signed checks on behalf of Bob's Shanghai 66 Bistro, Inc.

37. Defendant Amie Liu participated in the decision to set the restaurant's hours of operations.

38. Defendant Amie Liu participated in the decision to hire and fire employees on behalf of Bob's Shanghai 66 Bistro, Inc.

39. Defendant Amie Liu participated in the decision to hire Plaintiff.

40. Defendant Amie Liu participated in the decision to fire Plaintiff.

41. Defendant Amie Liu participated in the decision to set Plaintiff's work schedule.

42. Defendant Amie Liu participated in the decision to set Plaintiff's rate and manner of pay.

43. Defendant Amie Liu participated in the decision to supervise Plaintiff's work.

44. Defendant Amie Liu had the authority to sign checks on behalf of Bob's Shanghai 66 Bistro, Inc.

45. Defendant Amie Liu has signed checks on behalf of Bob's Shanghai 66 Bistro, Inc.

46. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

47. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

48. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

49. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

50. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff one and one-half times his regular hourly rate for all hours worked in excess of forty hours in any one workweek.

51. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable Montgomery County minimum wage.

52. At all relevant times, each Defendant was aware that they were legally required to pay Plaintiff the applicable Maryland minimum wage.

53. At all relevant times, Defendant were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

54. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

55. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

56. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, rice, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

57. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

59. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

6

60. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

61. Defendants' violations of the FLSA were willful.

62. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

63. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

64. Each Defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

65. The MWHL requires employers of 15 or more employees to pay non-exempt employees at least $11.00 from January 1, 2020 through December 31, 2020, $11.75 from January 1, 2021 through December 31, 2021, and $12.50 from approximately January 1, 2022 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

66. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

67. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

68. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

69. Defendants' violations of the MWHL were willful.

70. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

71. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

72. Each Defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

73. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

74. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

75. The "wages" required to be timely paid by the MWPCL include minimum wages as set at the federal, state, and county levels. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See e.g.*, *Craighead v. Full Citizenship of Md., Inc.*, 2020 U.S. Dist. LEXIS 174747, at *18–20 (D. Md. Sep. 23, 2020).

76. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

77. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

78. Defendants' violations MWPCL were willful.

79.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$130,761.94**, and grant the following relief:

    a.    Award Plaintiff $127,349.94, consisting of the following overlapping elements:

        i.    unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii.    three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.    Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,010.00);

    d.    Award Plaintiff court costs (currently, $402.00); and

    e.    Award any additional relief the Court deems just.

May 9, 2022                                  Respectfully submitted,

                                             **DCWageLaw**

                                             By: /s/ Justin Zelikovitz
                                             JUSTIN ZELIKOVITZ, #17567
                                             519 H Street NW
                                             Washington, DC 20001
                                             Phone: (202) 803-6083
                                             Fax: (202) 683-6102
                                             justin@dcwagelaw.com

                                             *Counsel for Plaintiff*