## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| JOSE MEDRANO RIVERA | |
|      Plaintiff, | |
| v. | Case No. 8:22-cv-01127-GLS |
| BOB'S SHANGHAI 66 BISTRO, INC., et al. | |
|      Defendants. | |

## CONSENT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff moves the Court for the entry of an Order approving the Parties' "Settlement Agreement and Mutual Release." In support of the motion, Plaintiff states the following:

## I.    INTRODUCTION

On May 9, 2022, Plaintiff filed this action, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et. seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et. seq.* ECF 1. On July 11, 2022, Defendants filed an Answer denying that they failed to pay Plaintiff properly. ECF 6. All parties to this matter are represented by counsel.

Over the next several months, the parties conducted informal discovery and started the process of mediation. Prior to a formal mediation session, the parties reached an agreement to settle this matter for a total of $40,000.00 to be paid out over 6 months. The parties have agreed that $29,000.00 of this amount shall be considered compensation for unpaid wages and liqui-dated damages, and $11,000.00 of this amount shall be considered partial compensation for Plaintiff's counsel's fees and expenses. Each party's counsel has explained the settlement to their

respective clients, and undersigned counsel reports that all parties approve of the settlement agreement.

## II.    STANDARD OF REVIEW

Under the FLSA, some courts have held that a private settlement agreement is not valid unless it is either supervised by the United States Department of Labor pursuant to 29 U.S.C. § 216(c) or approved by a Court. *Lynn's Food Stores v. United States*, 679 F.3d 1350, 1353 (11th Cir. 1982). An "FLSA settlement should be approved if the settlement '[reflects] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute.'" *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (quoting *Lynn's Food Stores*, 679 F.3d at 1354). The settlement must "reflect[] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Saman c. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D.Md. June 13, 2013) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). In this respect, the Court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorney's fees, if included in the agreement. *Riveros v. WWK Construction, Inc.*, No. PJM 15-193. 2015 WL 5897749, at *2 (D.Md. Oct. 5, 2015) (citations omitted).

## III.    ARGUMENT

### A.    *Bona Fide* Dispute

A *bona fide* dispute exists in this case. As is common in wage-and-hour cases, the parties disputed the number of hours that Plaintiff worked. The settlement agreement reflects a reasonable compromise of this issue. In his Complaint, Plaintiff contended that, because of the number of hours he worked, he was owed approximately $42,449.98 in minimum and overtime wages.

Defendants argued that the amount owed was lower than Plaintiff estimated. First, they disputed both Plaintiff's estimate as to hours worked and the period of time during which he was

employed by the restaurant. Second, they argued that Plaintiff grossly overestimated the hours he

worked per week while he was employed. Finally, Defendants pointed out that their annual gross

sales were such that they might not be subject to the FLSA at all.

Therefore, there is a *bona fide* dispute as to how much Plaintiff is owed. In light of the

expense, time, and risk involved in litigating this case further, the Parties have compromised their

claims and defenses.

**B.      Fairness and Reasonableness of the Settlement Agreement**

If a *bona fide* dispute exists, courts evaluate the fairness and reasonableness of the settle-

ment using the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings,
> including the complexity, expense and likely duration of the litigation; (3) the ab-
> sence of fraud or collusion in the settlement; (4) the experience of counsel who
> have represented the plaintiffs; (5) the opinions of [] counsel…; and (6) the proba-
> bility of plaintiffs' success on the merits and the amount of the settlement in relation
> to potential recovery.

*Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310,

2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)).

First, informal discovery was exchanged between the parties. Counsel had time to review

these records and analyze the claims in light of those records. Counsel for both parties have become

familiar with the merits of their respective cases.

Second, this is fact-intensive case in which a trial would be necessary. Given the factual

disputes present in this matter, and the financial wherewithal of Defendants, further litigation

would have consumed a good portion of Defendants' limited financial resources.

Third, undersigned counsel represents that there was no fraud or collusion in reaching the

settlement. Moreover, "there is a presumption that no fraud or collusion occurred between counsel,

in the absence of any evidence to the contrary." *Lomascolo*, 2009 WL 3094955, at *12.

Fourth and fifth, undersigned counsel is experienced in representing clients in similar matters, and he is of the opinion that the settlement agreement represents a fair and reasonable compromise of the disputes between the parties. Counsel for Plaintiff has litigated hundreds of similar matters in Maryland and the District of Columbia. In 2010, Plaintiff tried and won a similar wage and hour case before this Court. Plaintiff's counsel is very attuned to the cost-benefit analysis that goes into the decision whether to try a case or settle it — and the care that must be taken in making this decision with a defendant of limited means.

Sixth and finally, undersigned counsel believes that the agreement is fair and reasonable given the probability of success, the size of Plaintiff's potential recovery, and the financial resources of Defendants. Given the risks of litigating the case, and the risks of being able to collect even if Plaintiff were to prevail, Plaintiff's counsel believes that the settlement at hand is very much in the interests of his client.

### C.      Plaintiff's Attorney's Fees and Costs Are Reasonable.

The parties have agreed that $11,000.00 of the settlement amount shall be considered partial compensation for Plaintiff's counsel's fees and expenses.

"Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman v. LBDP, Inc.*, 2013 U.S. Dist. LEXIS 83414, at *8-9 (quoting *Lane*, 2011 U.S. Dist. LEXIS 97870, at *7).

"In making that assessment, courts typically use the principles of the traditional lodestar method as a guide." *Lane*, 2011 U.S. Dist. LEXIS 97870, at *7 (internal citation and quotations omitted). The lodestar amount is the reasonable hourly rate multiplied by hours reasonably ex-

pended. *See Riveros v. WWK Constr., Inc.*, 2015 U.S. Dist. LEXIS 136592, at \*10 (citations omitted). "An hourly rate is reasonable if it is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citation omitted). This Court uses Appendix B to the Local Rules as a reference to the rates "that are presumptively reasonable for lodestar calculations." *Id.* at \*10-11 (citations omitted).

In this regard, undersigned counsel for Plaintiff certifies that:

_____

- Two attorneys at his firm worked on this matter: Justin Zelikovitz and Jonathan Tucker;

- Justin Zelikovitz was admitted to the bar in December 2008, or almost 14 years ago. He has spent approximately 8.9 hours on this matter.

- Jonathan Tucker was admitted to the bar in December 2009, or almost 13 years ago. He has spent approximately 12.0 hours on this matter.

- Undersigned counsel's firm has spent approximately 12.7 paralegal and support staff hours on this matter.

- Undersigned counsel's firm has incurred $572.00 in filing fees and service costs in prosecuting this matter; and

- The $10,000.00 in designated fees and expenses results in an effective hourly rate for attorney hours of about $400.00, and an effective hourly rate for paralegal hours of about $150.00. ($10,000.00 − $572.00 in expenses ≈ $400 × 20.9 + $150 × 12.7). These rates are reasonable under the circumstances — and far below market and statutory rates for similar work in the District of Columbia market (where undersigned counsel's firm is based).

_____

In sum, the fees that Defendants have agreed to pay are reasonable -- and a significant discount from the fees that could be reasonably anticipated if this case proceeded any longer.

## III.    CONCLUSION

Because the settlement in this matter reflects a good outcome for Plaintiff, and is fair and reasonable under the circumstances, the Parties respectfully request that the Court approve their Settlement Agreement.

Date: November 18, 2022                    Respectfully submitted,

<u>/s/ Justin Zelikovitz</u>
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*