# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| JOSE MEDRANO RIVERA | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. GLS 22-1127 |
| BOB'S SHANGHAI 66 BISTRO, INC., *et al.* | ) |
| Defendants. | ) |

## ORDER GRANTING CONSENT MOTION FOR APPROVAL OF SETTLEMENT

Upon consideration of the "Consent Motion to Approve Settlement Agreement," ("Motion") filed by Jose Medrano Rivera ("Plaintiff"), jointly with Defendants Bob's Shanghai 66 Bistro, Inc., Bob Liu, and Amie Liu (collectively "Defendants"), (ECF No. 23), the Court hereby grants the Motion and approves the settlement between Plaintiff and Defendants (hereinafter, collectively referred to as "the Parties") based on the following findings:

1. The Parties have provided the Court with sufficient information to conclude that the settlement is fair and reasonable and is an equitable compromise of disputed facts and claims. In addition, the settlement agreement represents a fair and reasonable resolution of a *bona fide* dispute under the FLSA according to the factors that have been cited in other actions before the District Court.

2. The Court finds that the settlement was the product of arms' length negotiations between Counsel for the Parties, who are experienced in the field of FLSA litigation.

3. The attorneys' fees and costs to be paid under the settlement agreement are separately stated and Counsel has provided sufficient information to permit the Court to conclude that the fees and costs represent payments for amounts actually incurred at reasonable hourly rates.

The amount allocated for attorneys' fees and costs bear a reasonable relationship to the amount of time expended by counsel, and the amount being paid to Plaintiff under the Agreement.[1]

WHEREFORE, it is hereby **ORDERED** that:

1. The Motion, (ECF No. 23), be and is hereby **GRANTED**;

2. The Settlement is **APPROVED**; and

3. This case is **DISMISSED WITH PREJUDICE** in its entirety, with each Party to bear their own attorneys' fees and costs (except as specifically noted in the Settlement Agreement).

4. The Clerk of the Court is directed to close the case.

Dated: November 23, 2022   /s/
　　　　　　　　　　　　　　　　　　　The Honorable Gina L. Simms
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] To the extent that Section 6 of the Agreement contains language that could be construed as a confidentiality clause, that provision is deemed unenforceable. A confidentiality clause in an FLSA settlement agreement is "not permitted without compelling reasons." *Salamone v. Balt. Diamond Exch., Inc.*, Civ. No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014) (citing *Carpenter v. Colonial Mgmt. Grp., LP*, Civ. No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012)). In *Carpenter*, a district court held that such a provision "contravene[d] the important purposes of the [FLSA] and defeat[ed] both public and private efforts to enforce it." 2012 WL 2992490, at *2. Employers' concerns with negative publicity or attention resulting from publicity of settlements does not in-and-of-itself outweigh the strong public interest in access. *Carpenter, supra,*, at **1, 2; *see also Salamone*, 2014 WL 2930788, at *1 (approving FLSA settlement agreement while noting that "the [confidentiality] provision is of no practical effect").